UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| RICKY W. MINK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-CV-128-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH HOWARD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Ricky W. Mink is an inmate confined at the Kentucky State Penitentiary located in Eddyville, Kentucky. Proceeding without an attorney, Mink has filed a civil rights complaint asserting claims under 42 U.S.C. § 1983.[1] [D. E. No. 1] Mink alleges that on May 12, 2013, Sergeant Joseph Howard, a Correctional Officer employed at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky, violated his constitutional rights during the course of a disciplinary proceeding at the LSCC. [D. E. No. 1] By separate Order, the Court has granted Mink's motion to proceed *in forma pauperis*.

---

[1]

Mink originally filed this action on August 19, 2013, in the United States District Court for the Western District of Kentucky ("the Western District"). *Mink v. Howard*, No. 5:13-CV-138-R (W.D. Ky., 2013) [D. E. No. 1] On August 27, 2013, the Western District transferred the case to this district, based on the venue considerations in 28 U.S.C. § 1391(b). *See* Order, D. E. No. 5.

The Court must conduct a preliminary review of Mink's complaint because he is being granted pauper status and because he asserts claims against a government official. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Mink's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Minks' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed Mink's complaint, however, the Court must dismiss it without prejudice because it is premature.

## ALLEGATIONS OF THE COMPLAINT

Mink states that on May 12, 2013, while he was confined in the LSCC, unidentified LSCC officers put him in "full restraints," placed a "spit hood" over his head, and moved him from segregation to an isolation area of the facility. Mink attempts to describe the manner in which this alleged activity was video-

taped, referring to both a stationery video camera and a "hand held" camera, but his allegations on this subject are unclear and confusing.

Mink attached to his complaint three documents entitled "Kentucky Department of Corrections Disciplinary Report Form, Part II-Hearing/Appeal" [D.E. No. 1-1,pp. 1-3] which reveal that on May 12, 2013, Mink was charged with committing two prison disciplinary infractions: "Making Threatening or Intimidating Statements," and two counts of creating "Violent Demonstrations." On May 17, 2013, Defendant Joseph M. Howard presided over the hearing on the disciplinary charges. [*Id.*] Based on what he considered as Mink's admissions of at the hearing, Howard found Mink guilty of all three offenses, ordered him to serve 150 days in segregation, and ordered the forfeiture of 210 days of Mink's meritorious good-time credit for the misconduct violations. [*Id.*, ¶¶6-7]

In his § 1983 complaint, Mink alleges that he was not given a "Detention Order" in violation of his procedural due process rights guaranteed by the Fourteenth Amendment of the U.S. Constitution. [D.E. No. 1, p. 2] Mink further alleges that Howard refused to allow him to call specific witnesses who would have offered exculpatory evidence on his behalf. [*Id.*, p. 3] Mink seeks unspecified compensatory damages and the restoration of his good-time credits.

## DISCUSSION

On June 7, 2013, Mink filed a petition for writ of habeas corpus under 28

U.S.C. § 2254, challenging his prison disciplinary convictions. *Mink v. Meko*, No.

0:13-Cv-77-DLB-CJS (E.D. Ky. 2013) ("the Federal Habeas Proceeding")  Mink

alleged in the Federal Habeas Proceeding that he appealed the disciplinary

convictions to the LSCC Warden, who denied relief, and that he filed an action in

the state court at the same time he filed his federal habeas petition. [*Id.*, D. E. No.

1, therein]  Mink sought the overturn of his disciplinary charges, restoration of his

good-time credits, expungement of his prison disciplinary record, release from

segregation, and damages of $100 a day for every day he was subjected to

unlawful segregation. [*Id.*]     On June 21, 2013, Magistrate Judge Candace J.

Smith recommended that Mink's § 2254 petition be denied without prejudice

because Mink had not exhausted his remedies in state court prior to filing the

Federal Habeas Proceeding. [*Id.*, D. E. No. 2, pp. 2-3, therein]  Magistrate Judge

Smith explained:

> Nevertheless, while a petition under § 2254 is the proper federal
> vehicle for the remedy Petitioner seeks, a state prisoner must first
> exhaust state remedies before seeking federal habeas relief. 28 U.S.C.
> § 2254(b)(1); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);
> Preiser, 411 U.S. at 489-90; *Dyer v. Evitts*, 900 F.2d 259 (table
> decision), 1990 WL 47361, at *2 (6th Cir. 1990) ("petitioner's request

4

for restoration of his good-time credits is prematurely raised in this habeas petition as he failed to first exhaust available state court remedies"). To be deemed properly exhausted, each claim must have been fairly presented to the state courts, including presenting the claim to the state's highest court. (citations omitted). It is clear from the face of the Petition that Petitioner has yet to exhaust his administrative and/or state remedies [footnote omitted]. Therefore, federal habeas relief is not yet available on these claims, and the Court will recommend the action be dismissed without prejudice.

[*Id*., pp. 2-3]

On July 16, 2013, the Court entered an Order adopting Magistrate Smith's

Report and Recommendation and denied Mink's § 2254 petition without prejudice

to Mink first exhausting his habeas claims in a state court proceeding. [*Id*., D.E.

No. 3, therein] Mink did not appeal that Order.

Mink's § 1983 complaint will be dismissed without prejudice. Mink can not

assert claims and seek damages under § 1983 unless and until he can demonstrate

a favorable termination of his disciplinary convictions. In *Heck v. Humphrey*, the

Supreme Court established the so-called "favorable termination rule." 512 U.S.

477, 114 S.Ct. 2364 (1994). The Court explained that rule as follows:

[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into

5

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.*, at 486-87.

According to the Supreme Court, any claim for damages that, if successful, would "necessarily imply" the "invalidity of any outstanding criminal judgment against the plaintiff" is not cognizable under § 1983 unless the plaintiff demonstrates that judgment's prior invalidation. *Id.* at 487. This rule promotes the finality of and consistency in judicial resolutions by limiting opportunities for collateral attack and averting the "creation of two conflicting resolutions arising out of the same or identical transaction." *See id.*, at 484-485.

In *Edwards v. Balisok*, the Supreme Court later extended the "favorable termination rule" to a prison disciplinary hearing resulting in the deprivation of good-time credits, where the prisoner's § 1983 claim alleging the denial of his due process rights would "necessarily imply" the invalidity of the deprivation of good-time credits. 520 U.S. 641, 646 (1997). The Supreme Court has subsequently clarified that a prisoner is required to show a favorable termination of his disciplinary proceeding before filing a civil action *only* in cases where the duration of his sentence is affected. *Muhammad v. Close*, 540 U.S. 749, 754-55, 124 S.Ct. 1303, 1306 (2004).

6

Because Mink's disciplinary sanction included the forfeiture of 210 days of meritorious good-time credits, the duration of Mink's prison sentence is specifically at issue. In his § 1983 complaint, Mink claims that Howard denied him due process of law during the disciplinary hearing process, and he seeks both damages from Howard and the restoration of his good-time credits. Success on Mink's § 1983 claims would necessarily invalidate the LSCC's disciplinary determination under which Mink lost a substantial amount of meritorious good-time credits. Because the loss of 210 days of good-time credits directly affects the duration of Mink's prison sentence, Mink must demonstrate a "favorable determination" of his prison disciplinary convictions under *Edwards* and *Muhammad* before he can seek damages related to the convictions under § 1983.

To establish a favorable termination, Mink must first successfully challenge the validity of his disciplinary convictions. In the Federal Habeas Proceeding, Mink was recently informed that he must first complete the exhaustion process in the state court system, and if unsuccessful in that forum, he may then file a petition for writ of habeas of habeas corpus under 28 U.S.C. § 2254 asserting his due process claims. If, and only if, the prison disciplinary convictions are invalidated during either of those processes, may Mink bring a civil action for the alleged

7

harm caused by the disciplinary convictions and resulting sanctions. Mink's §

1983 complaint will therefore be dismissed without prejudice to his properly

exhausting his habeas claims.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     Plaintiff Ricky W. Mink's complaint [D. E. No. 1] is **DISMISSED**

**WITHOUT PREJUDICE**.

2.     The Court shall enter an appropriate judgment.

3.     This matter is **STRICKEN** from the active docket.

This 10th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge